UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



U.S. SECURITIES AND EXCHANGE
COMMISSION,

                    **Plaintiff,**

     **-against-**

**DENNIS J. MANCINO, et al.**

                 **Defendants.**

2:18-cv-01316 (GRB)(JMW)

## FINAL JUDGMENT AS TO
## DEFENDANT DENNIS J. MANCINO

      The Securities and Exchange Commission having filed a Complaint and Defendant Dennis J.

Mancino ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over

Defendant and the subject matter of this action:

### I.

### SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

§ 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule

of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of

this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone

described in (a).

## II.

## SECTION 17(a) OF SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently

restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act")

[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

2

    (c)       to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendant or with anyone described in (a).

**III.**

## SECTION 9(a)(1) and (2) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently

restrained and enjoined from violating, directly or indirectly, Section 9(a)(1) and (2) of the Exchange Act

[15 U.S.C. § 78i(a)(1) and (2)] by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange,

    (1)       for the purpose of creating a false or misleading appearance of active trading in

any security other than a government security, or a false or misleading appearance

with respect to the market for any such security, (A) to effect any transaction in

such security which involves no change in the beneficial ownership thereof, or (B)

to enter an order or orders for the purchase of such security with the knowledge

that an order or orders of substantially the same size, at substantially the same time,

and at substantially the same price, for the sale of any such security, has been or

will be entered by or for the same or different parties, or (C) to enter any order or

orders for the sale of any such security with the knowledge that an order or orders

of substantially the same size, at substantially the same time, and at substantially

the same price, for the purchase of such security, has been or will be entered by or

3

for the same or different parties; or

(2)     to effect, alone or with 1 or more other persons, a series of transactions in any
        security registered on a national securities exchange, any security not so
        registered, or in connection with any security-based swap or security-based swap
        agreement with respect to such security creating actual or apparent active trading
        in such security, or raising or depressing the price of such security, for the purpose
        of inducing the purchase or sale of such security by others.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule
of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice
of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants,
employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with
anyone described in (a).

## IV.

## PENNY STOCK BAR

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently
barred from participating in an offering of penny stock, including engaging in activities with a broker,
dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale
of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except
as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

4

## V.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VI.

### DISGORGEMENT

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $710,064.36, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,591.10, for a total of $714,655.46. Defendant shall satisfy this obligation by paying $714,655.46 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; his own name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## VII.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Dennis J. Mancino dated July 19, 2023 [ECF Doc. 37-1] and the Amended Consent of Dennis J. Mancino dated March 3, 2024 and filed on March 15, 2024, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

## BANKRUPTCY NONDISCHARGABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations

6

in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

## X.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: March 19 , 2024

/s/Gary R. Brown

**UNITED STATES DISTRICT JUDGE**

7