Case 2:18-cv-01316-GRB-LGD Document 47 Filed 03/15/24 Page 1 of 3 PageID #: 248

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
U.S. CLERK
U.S. DISTRICT COURT
★ MAR 15 2024
LONG ISLAND OFFICE

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 2:18 –cv- 01316 (GRB-JMW) |
| -against- | |
| DENNIS J. MANCINO, et al., | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR A FINAL JUDGMENT AGAINST DEFENDANT WILLIAM T. HIRSCHY

In accordance with this Court's Order dated December 14, 2023 (via ECF Notice Docket Text), and pursuant to Rule 54 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC") hereby files this Motion for a Final Judgment against Defendant William T. Hirschy ("Hirschy"). The SEC's Motion seeks a Final Judgment that: (i) finds that Hirschy violated the securities laws as alleged in the Complaint; (ii) incorporates all of the non-monetary relief to which Hirschy has previously consented [*see* ECF No. 28-1] and the Court previously ordered [*see* Judgment as to William Hirschy, ECF No. 29]; and (iii) finds, pursuant to Hirschy's additional Consent dated March 14, 2024, that Hirschy is liable for disgorgement in the amount of $1,557,329.12 plus prejudgment interest thereon in the amount of $25,872.12, representing profits gained as a result of the conduct alleged in the Complaint, and further finds that Hirschy's payment of disgorgement and prejudgment interest is deemed satisfied by the criminal restitution and forfeiture orders entered against Defendant on August 21, 2023, in *United States v. Mancino, et al.*, 1:18-cr-00296-KAM (E.D.N.Y.).

In support of this Motion, the SEC concurrently submits: (1) Exhibit 1 - Hirschy's Consent dated March 14, 2024; and (2) a proposed form of Final Judgment. WHEREFORE, the SEC respectfully request that the Court grant the Motion and entered a Final Judgment in the form attached hereto.

Dated: March 15, 2024

                                Respectfully submitted,

                                */s/ Duane K. Thompson*
                                Duane K. Thompson (thompsond@sec.gov)
                                U.S. SECURITIES AND EXCHANGE COMMISSION
                                100 F Street, N.E.
                                Washington, DC 20549
                                Telephone: (202) 551-7159
                                Facsimile: (202) 772-9246

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 15, 2024, a true and correct copy of the foregoing document was served via ECF and email on the following counsel of record:

Jeffrey Chabrowe *(chabrowe@gmail.com)*
261 Madison Avenue
12th Floor
New York, NY 10016
Telephone: (917) 529-3921

*Counsel to Defendants Dennis J. Mancino*

Marc S. Nurik *(marc@nuriklaw.com)*
Law Offices of Marc S. Nurik
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 909-6878

4800 N. Federal Hwy., Suite 205B
Boca Raton, FL 33487
Telephone: (561) 273-7000

*Counsel to Defendants William T. Hirschy*

                    *Duane K. Thompson*
                    Duane K. Thompson

consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _____

William T. Hirschy

3/14/24

On _____, 2024, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public Commission expires:

Approved as to form:

Mr. Marc Nurik, Esq.
Law Offices of Marc S. Nurik
9350 Wilshire Blvd. Suite 308
Beverly Hills, CA 90212
(310) 909-6828

Attorney for Defendant William T. Hirschy

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

DENNIS J. MANCINO, WILLIAM T. HIRSCHY, DJK INVESTMENTS 10 INC., TJM INVESTMENTS INC., and WT CONSULTING GROUP, LLC,

Defendants.

2:18-cv-01316 (GRB)(JMW)

## FINAL JUDGMENT AS TO DEFENDANT WILLIAM T. HIRSCHY

The Securities and Exchange Commission having filed a Complaint and Defendant William T. Hirschy having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, executed a Consent that admits the facts alleged in the Complaint and acknowledges that his conduct violated the federal securities laws and regulations identified below, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

I.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

1

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## SECTION 17(a) OF SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

2

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### SECTION 9(a)(1) and (2) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(1) and (2) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78i(a)(1) and (2)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1) for the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in

such security which involves no change in the beneficial ownership thereof, or (B) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (C) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties; or

(2) to effect, alone or with 1 or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

**PENNY STOCK BAR**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

V.

**DISGORGEMENT**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement in the amount of $1,557,329.12 plus prejudgment interest thereon in the amount of $25,872.12, representing profits gained as a result of the conduct alleged in the Complaint. Defendant's payment of disgorgement and prejudgment interest is deemed satisfied by the criminal restitution and forfeiture orders entered against Defendant on August 21, 2023, in *United States v. Mancino, et al.,* 1:18-cr-00296-KAM (E.D.N.Y.).

VI.

**INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent dated January 10, 2022 [ECF No. 28-1] and the Consent filed on March 15, 024 are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

## BANKRUPTCY NONDISCHARGABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: March 19, 2024

/s/Gary R. Brown
_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 15, 2024, a true and correct copy of Plaintiff' Motion for a Final Judgment against Defendant William T. Hirschy was served via ECF and email on the following counsel of record:

Jeffrey Chabrowe *(chabrowe@gmail.com)*
261 Madison Avenue
12th Floor
New York, NY 10016
Telephone: (917) 529-3921

*Counsel to Defendants Dennis J. Mancino*

Marc S. Nurik *(marc@nuriklaw.com)*
Law Offices of Marc S. Nurik
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 909-6878

4800 N. Federal Hwy., Suite 205B
Boca Raton, FL 33487
Telephone: (561) 273-7000

*Counsel to Defendants William T. Hirschy*

*Duane K. Thompson*
Duane K. Thompson
