FILED
CLERK

12/17/2024 1:17 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

U.S. SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

DENNIS J. MANCINO, et al.

                Defendants.

2:18-cv-01316 (GRB)(JMW)

**FINAL JUDGMENT AS TO**
**DEFENDANT DENNIS J. MANCINO**

    The Securities and Exchange Commission having filed a Complaint and Defendant Dennis J. Mancino ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action:

I.

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) promulgated thereunder [17 C.F.R. § 240.10b-5(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud;

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule

1

of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### SECTION 17(a) OF SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

### SECTION 9(a)(1) and (2) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(1) and (2) of the Exchange Act [15 U.S.C. § 78i(a)(1) and ( )] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1)     for the purpose of creating a false or misleading appearance of active trading in

    any security other than a government security, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in such security which involves no change in the beneficial ownership thereof, or (B) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (C) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties; or

(2)  to effect, alone or with 1 or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

## PENNY STOCK BAR

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## V.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Dennis J. Mancino dated July 19, 2023 [ECF Doc. 37-1] and the Amended Consent of Dennis J. Mancino dated March 3, 2024 and filed on March 15, 2024, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

## PRESENTATION OF JUDGMENT

Defendant agrees that the Commission may present the Judgment to the Court for signature and

entry without further notice.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: __12/17__, 2024

                                                 */s/ Gary R. Brown*
                                               **UNITED STATES DISTRICT JUDGE**